UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GLEN C. LETSINGER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No.: 3:13-cv-484 |
| ) | (VARLAN/SHIRLEY) |
| JEWEL STEELE, Warden, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM**

This is a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which petitioner challenges his Knox County conviction, upon a plea of guilty, for rape of a child. The Court ordered petitioner to show cause why his petition should not be dismissed as time-barred. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006) (district court may *sua sponte* dismiss habeas petition as time-barred, after giving petitioner fair notice and an opportunity to be heard). Petitioner has responded to that order. For the following reasons, the Court finds that the petition is barred by the one-year statute of limitation. Accordingly, the petition for the writ of habeas corpus will be **DENIED** and this action will be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitation for state prisoners to file a habeas corpus petition in federal court; the limitation period generally runs from the date on which the judgment of conviction became final, with the provision that "[t]he time during which a properly filed application for State post-conviction or other

collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id*. § 2244(d)(2).

Petitioner did not file a direct appeal of his convictions. He did file a petition for post-conviction relief, which was denied. The denial of post-conviction relief was affirmed by the Tennessee Court of Criminal Appeals on February 9, 2012, and the Tennessee Supreme Court denied petitioner's application for permission to appeal on April 11, 2012. *Letsinger v. State*, No. E2011-01511-CCA-R3-PC, 2012 WL 403917 (Tenn. Crim. App. Feb. 9, 2012), *perm. app. denied, id.* (Tenn. April 11, 2012).

It is not clear from the record when petitioner's judgment of conviction became final and the statute of limitation commenced to run. *See Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (post-conviction petition "merely tolled, rather than reset," the one-year statute of limitation). Nevertheless, petitioner's post-conviction proceedings concluded on April 11, 2012, when the Tennessee Supreme Court denied his application for permission to appeal the denial of post-conviction relief. Petitioner filed his habeas corpus petition with the U.S. District Court for the Middle District of Tennessee on June 27, 2013, more than one year after the conclusion of his post-conviction proceedings; the habeas petition was subsequently transferred to this Court.

In response to the show cause order, petitioner states that he was not aware of the statute of limitation and that he relied on the advice of another inmate. He offers his apology for the delay and asks the Court to accept the late-filed habeas petition.

2

The Supreme Court has held that equitable tolling of a statute of limitation is available "in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citations omitted). "A habeas petitioner is entitled to equitable tolling only if two requirements are met. First, the petitioner must establish 'that he has been pursuing his rights diligently.' And second, the petitioner must show 'that some extraordinary circumstance stood in his way and prevented timely filing.'" *Hall v. Warden*, 662 F. 3d 745, 749 (6th Cir. 2011) (quoting *Holland v. Florida*, 130 S. Ct. at 2562) (holding that counsel's failure to turn over the trial transcript as well as other documents related to the case and the prison's restriction on visits to the law library did not entitle petitioner to equitable tolling; also noting that *Holland*'s two-part test replaced the five-factor inquiry the Sixth Circuit had previously set forth in *Dunlap v. United States*, 250 F.3d 1001, 1004-07 (6th Cir. 2001)).

The fact that petitioner was allegedly unaware of the time limitation for filing his habeas petition will not afford him relief. "It is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling." *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *see also Harrison v. I.M.S.*, 56 F. App'x 682, 685, 2003 WL 173669 *4 (6th Cir. 2003) ("Petitioner's alleged ignorance of legal matters does not demonstrate a lack of constructive knowledge of the filing deadline."); *Miller v. Cason*, 49 F. App'x 495, 497, 2002 WL 31164208 *2 (6th Cir. 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition.").

Petitioner's reliance on an inmate advisor also does not afford him any relief. *See, e.g., Moore v. United States*, 438 F. App'x 445, 450 (6th Cir. 2011) (petitioner was not entitled to equitable tolling where he "provided no evidence that he checked the status of his appeal before discovering his attorney's failure to file" an appeal); *Elliott v. Dewitt*, 10 F. App'x 311, 313 (6th Cir. 2001) ("an attorney's mistake which results in missing the filing deadline imposed by the AEDPA is not a basis for equitable tolling"). "The doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations and internal quotations marks omitted).

Petitioner also stresses his actual innocence. The Supreme Court has now held that "actual innocence, if proved, serves as a gateway" through which a petitioner may obtain review of constitutional claims even after expiration of the statute of limitations. *McQuiggin v. Perkins* 133 S. Ct. 1924, 1928 (2013). In other words, a "convincing actual-innocence claim" can constitute an exception to the state of limitations if a miscarriage of justice would otherwise result. *Id*. at 1931-33. The Supreme Court specifically "underscore[d]" the fact that "[t]he miscarriage of justice exception ... applies to a severely confined category: cases in which new evidence show 'it is more likely than not that no reasonable juror would have convicted the petitioner.'" *Id*. at 1933 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Petitioner has offered no new evidence to support his claim of actual innocence. There is nothing in the record, other than petitioner's self-serving statements, to suggest that

4

petitioner is innocent of the crime to which he pleaded guilty. Accordingly, petitioner is not entitled to equitable tolling based upon a claim of actual innocence.

Based upon the foregoing, petitioner is not entitled to equitable tolling of the one-year statute of limitation and his habeas petition is time-barred. Accordingly, the petition for habeas corpus relief will be **DENIED** and this action will be **DISMISSED WITH PREJUDICE**. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. The Court will further **DENY** petitioner leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE